FILED
SUPERIOR COURT
OF GUAM

2018 MAY -8 AM 10: 26

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. |
| | ) | CF0066-16-01 |
| v. | ) | |
| | ) | DECISION AND ORDER GRANTING |
| AUSTIN JAMES CRUZ BARCINAS, | ) | DEFENDANT'S MOTION TO DISMISS |
| DOB: 02/23/1995, | ) | AND FOR EXPUNGEMENT |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on April 17, 2018 for a hearing on Austin James Cruz Barcinas' ("Defendant") Motion to Find Statements Non Material and to Dismiss. Defendant was present and represented by Assistant Public Defender Richard Dirkx. The People of Guam (the "People") were represented by Assistant Attorney General Terry VanEaton. Having reviewed the record and the relevant law, the Court ruled from the bench GRANTING Dismissal and Expungement of the above-captioned matter. This Order further memorializes the Court's ruling.

## Background

Defendant was originally charged with perjury and criminal sexual conduct charges in CF0066-16. *See* Decision and Order Severing Perjury Charge, at p. 5 (Feb. 6, 2018). The perjury charge arises from Defendant's sworn testimony on January, 2016, during a trial for criminal sexual conduct charges.[1] Defendant testified under oath that he had "never been previously questioned or interviewed by police in any other criminal matter." Magistrate's Complaint for CF0066-16 (Feb. 2, 2016). At the grand jury proceeding for CF0066-16, only a

---

[1] Hereinafter as the "2016 case."

summary of Defendant's statements were provided to demonstrate the basis for the perjury charge. *See* Motion to Find Statements Non-material and to Dismiss (Mar. 26, 2018).

On February 6, 2018, prior to the start of Defendant's jury trial, the Court *sua sponte* severed the perjury charges. The Court reasoned joinder of these claims may have a prejudicial effect against the Defendant since the offense of the 2016 trial and second trial "are of the same nature." *See* Decision and Order Severing Perjury Charge, at p. 5 (Feb. 6, 2018). Further, the People expressed their intent to present evidence from the 2016 case to prove the perjury charge in this matter. The Court was primarily concerned the jury "might use that evidence to decide Defendant's guilt." *Id.*

On February 14, 2018, after the conclusion of the CF0066-16 trial, the People were instructed to file an Amended Indictment relating to the perjury charges; the Court designated this matter as CF0066-16-01. *See* Order Instructing Government to File Amended Indictment (Feb. 14, 2018).

Defendant filed the instant motion requesting the Court to find the alleged false statements non-material, in effect warranting a dismissal.[2] Motion to Find Statements Non Material and Dismiss (Mar. 26, 2018). In response, without conceding to the factual underpinning of Defendant's Motion, the People acquiesce to the relief sought by the Motion. *See* People's Response to Defendant's Motion Find Statements Non-Material and to Dismiss, at p. 1(Apr. 9, 2018). At the hearing, the parties agreed the basis for dismissal constitute a "decline to prosecute" thus warranting Dismissal *with* prejudice and an expungement.

## Discussion

a. Defendant's statements were non-material.

Guam law defines the crime of perjury as follows, "A person is guilty of perjury if, under oath in an official proceeding, he makes a false statement which is *material* and which he

---

[2] Defendant also argues that the statement was not false, that when asked, "It's your testimony here that you've never spoken to a police officer before? Mr. Barcinas' replied "No." *See* Motion to Find Statements Non Material and Dismiss, at p. 7. Assuming the Court accepts the Defendant's contention, the Court's conclusion remains unchanged.

does not believe to be true." 9 Guam Code Ann. § 52.15(a) (emphasis added).[3] A material statement[4] is defined as "a statement *which affected or could have affected* the course or outcome of a proceeding, regardless of its admissibility under rules of evidence." *Id.* § 52.15(b) (emphasis added). In another jurisdiction adopting the Uniform Model Penal Code, false testimony is deemed material if:

> it tends directly or circumstantially to prove the central matters in issue or if it establishes or disproves matters which themselves bear crucially on the *central issues*; if the alleged falsehoods are of collateral issues, the materiality requirement may be met by testimony relating to a collateral matter which, if believed, has the capacity to affect the weight or force of the evidence *bearing on an ultimate issue* and thus has the capacity to influence the tribunal hearing the judicial proceeding.

*State v. Neal*, 826 A.2d 723, 361 N.J.Super. 522 (2003) (emphasis added).

In this case, the alleged false statement was that Defendant has "never" interacted with the police, prior to the investigation of the 2016 case. Whether or not the Defendant was interviewed, wanted for questioning, or ever interacted with the police has no bearing to the ultimate issues in the 2016 case. A person's prior interactions with the police are generally inadmissible unless offered under an exception. *See* Rule 404(b), 413 of the Guam Rules of Evidence. The question posed by the prosecutor was immensely vague and thus unlikely to be of any significance to a jury in a prosecution for 2016's criminal sexual conduct charges. *State v. Anderson*, 127 N.J. 191, 603 A.2d 928 (1992) (holding the issue of materiality of allegedly false statement in perjury prosecution is whether statement could have affected prior jury's verdict). Therefore, the Court concludes Defendant's statements were non-material.

//

//

---

[3] This law is identical to Model Penal Code 241.1(1)-(2), the Court therefore looks to cases which interpret this law for guidance. *Benavente v. Taitano*, 2006 Guam 15, ¶ 48.

[4] The term "statement" as used in this chapter is defined as "any non-trivial representation, but a representation of opinion, belief or other state of mind is a statement only if it clearly relates to a state of mind apart from or in addition to the facts which it otherwise represents." 9 Guam Code Ann. § 52.10(e).

b. Dismissal *with* Prejudice and expungement is proper.

The court may dismiss a prosecution pursuant to § 7.67 of the Criminal and Correctional Code. 8 Guam Code Ann. § 80.70. Pursuant to Section 7.67, the court may order a dismissal if having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, the court finds that the defendant's conduct presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. 9 Guam Code Ann. § 7.67. Having found the statements non-material as required under 9 Guam Code Ann. § 52.15(a) above, the Court finds dismissal is appropriate.

Expungement is also proper "when the prosecuting attorney *decides not to prosecute* the offense." 8 Guam Code Ann. § 11.10(a) (emphasis added). The government indicated "a conviction at trial is not reasonably possible at this stage." *See* People's Response to Defendant's Motion Find Statements Non-Material and to Dismiss, at p. 1. The government also represented that he has spoken with his immediate supervisors regarding his position on this case. At this point, the parties agree that no further prosecution for this charge will be pursued. Based on the representations of the parties, the Court is convinced that dismissal *with* prejudice and expungement is also appropriate.

//

//

//

## Conclusion and Order

For the reasons provided above, the Court finds that it properly GRANTED the Defendant's Motions to find Statements Non-material and for Dismissal. The Court hereby ORDERS the above-captioned matter against Austin James Cruz Barcinas DISMISSED *WITH PREJUDICE AND EXPUNGED.*

Under 8 Guam Code Ann. §§ 11.10 and 11.11, the Court further ORDERS that the Clerk of the Superior Court of Guam, the Office of the Attorney General of Guam, and the Guam Police Department ("GPD") shall EXPUNGE their records of <u>Austin James Cruz Barcinas</u> in Criminal Case No. <u>CF0066-16-01</u> and GPD Report No. 12-18590. All other local and federal law enforcement agencies to which GPD reports shall seal any records of the above from public inspection and refuse to admit the existence of such records to persons not entitled to examine them.

SO ORDERED this _____ **MAY 0 8 2018** _____, *nunc pro tunc* April 17, 2018.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

1) HAG  2) PDSC

3) GPD

Date:____ Time:____

Deputy Clerk, Superior Court of Guam